Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 678 - 1&2 | **DATE** | 9/23/2003 |
| **CASE TITLE** | USA vs. Grossman, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due _____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Enter Memorandum Opinion and Order denying defendants' motions for bill of particulars and for immediate disclosure of exculpatory evidence. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices: 4 | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 24 2003 | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9/23/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )   No.  02 CR 678
                                     )
JEFFREY GROSSMAN, DONALD GRAUER,     )
and DALE TARANTUR,                   )
                                     )
          Defendants.                )

## MEMORANDUM OPINION AND ORDER

Defendants Jeffrey Grossman and Donald Grauer are charged in a thirty-five-count superseding indictment with wire fraud, bank fraud, money laundering, and obstruction of justice in a multi-year scheme to defraud banks and investors in connection with loans and investments for businesses and real estate projects. Mr. Grossman and Mr. Grauer allegedly fraudulently obtained monies from banks and investors and then converted the monies to other uses. The defendants entered pleas of not guilty as to all counts.

On July 3, 2003, Mr. Grossman and Mr. Grauer filed motions for a bill of particulars and for immediate disclosure of exculpatory evidence. The motions are DENIED.

The defendants' motion for a bill of particulars seeks to uncover the identities of the "co-conspirators" and "co-schemers" referred to in the indictment. Federal Rule of Criminal Procedure 7(f) permits a court to direct the filing of a bill of particulars.



The purpose of such a bill is to ensure that the defendant has the information required to mount an adequate defense. *United States v. Finley*, 705 F. Supp. 1272, 1277-78 (N.D. Ill. 1988) (Rovner, J.). Therefore, a bill of particulars is required only where the indictment fails to provide enough information to enable the defendant to prepare for trial. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). Factors a court may consider when judging the need for a bill of particulars include "the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense without a bill." *United States v. Esteves*, 886 F. Supp. 645, 646 (N.D. Ill. 1995) (Bucklo, J.).

The defendants point to *United States v. McDonnell*, 696 F. Supp. 356 (N.D. Ill. 1988) (Alesia, J.) in support of their argument that they cannot properly defend themselves without the bill they seek. The *McDonnell* defendant, an Illinois state court judge, moved to dismiss the bribery indictment against him on the grounds that it was unconstitutionally vague. The court granted the motion as to one of the counts, a catch-all count alleging that during a period of three years, the defendant accepted bribes of unknown amounts from unnamed attorneys who appeared before the defendant in unnamed cases. *Id.* at 360. However, similar counts in the indictment, which identified the cases for which the defendant allegedly solicited bribes, were permitted to stand. *Id.* at 359. In the present case, the superseding indictment is 54 pages long and

2

exceptionally detailed. It includes no catch-all counts; each count includes key identifiers, such as the name of the allegedly defrauded bank, the name of the misrepresented real estate development, and the amount of money that changed hands, which permit the defendants to fully understand what actions they are charged with and prepare to defend themselves. Furthermore, it is virtually certain that this case will involve extensive discovery which reveals further details about the alleged crimes. Therefore, a bill of particulars is not necessary, and the defendants' motion is DENIED.

Defendants also move for disclosure of exculpatory evidence, including impeaching information ("the *Brady* motion"). The government's assurance that it will comply with disclosure requirements is generally sufficient to moot a motion obliging it to do so. *United States v. Bontkowski*, 49 F. Supp. 2d 1075, 1076 (N.D. Ill. 1999) (Bucklo, J.). Both sides agree that the government has provided and continues to provide the defendants with discoverable material, and has agreed to provide any remaining material no later than four weeks before trial. The defendants explain that the *Brady* motion is filed "for the purpose of putting into the official record of this case a formal and detailed list of the exculpatory evidence and impeaching information requested by the defendant" under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). The motion includes

ten categories of information which the defendants believe the government must produce. The government asks that the motion be denied to the extent that the defendants "(a) request materials that the government has already turned over; (b) demand materials that are not in the government's possession; (c) demand that the government create materials for the defense; (d) demand materials specifically exempted from discovery pursuant to Rule 16(a)(2); and (e) makes [sic] demands that are otherwise vague, over broad, and/or beyond the scope of the information that the government is required to produce under Rule 16, Local Rule 16.1, *Brady*, *Giglio*, and the Jencks Act (18 U.S.C. § 3500)." The government has no objection to some of the categories of information named by the defendants, and agrees to turn over all personnel and disciplinary information and scientific reports which come to its attention. However, it objects to other categories, which I will address in turn.

First, the defendants request that the government provide complete criminal records, as well as evidence of any "misconduct or other bad acts," for each of the prosecution witnesses. The government agrees to provide such information to the extent that it has already been discovered. However, it objects to the obligation to perform additional research into the background of its witnesses on behalf of the defendants. The government's objection is sound. "As a general rule, the prosecution's obligation in a criminal

4

proceeding to disclose information is limited to information known to the prosecution." *United States v. Young*, 20 F.3d 758, 764 (7th Cir. 1994). Put another way, "*Brady* and its progeny do not require the government to conduct an investigation for the defense." *United States v. Senn*, 129 F.3d 886, 893 (7th Cir. 1997). The information on witness' backgrounds sought by the defendants is readily available to them without government assistance. As long as "the defendant has access to the evidence before trial by the exercise of reasonable diligence," *United States v. White*, 970 F.2d 328, 337 (7th Cir. 1992), the evidence unknown to the government is not being suppressed by the government, and *Brady* is not implicated.

This analysis applies equally to the defendants' requests for information regarding "any and all consideration" prosecution witnesses have received from the government, as well as the "alcoholism, drug use, and psychiatric history" of those witnesses. The government is willing to provide material detailing the plea agreements or other consideration provided by the government to its witnesses in exchange for truthful testimony in this case, but objects to the broad language of the request, which appears to cover any deal the witnesses have struck with any government entity at any time. Similarly, it is willing to reveal any information in its possession regarding the mental health of its witnesses, but refuses to engage in a "fishing expedition" in search of such information. The government has no affirmative responsibility to

conduct such research on its witnesses, and the defendants may freely do so if they choose. Therefore, the *Brady* motion is DENIED insofar as it seeks to compel the government to seek out exculpatory information available to the defendants through the exercise of reasonable diligence.

Next, the defendants seek evidence of inconsistent or exculpatory statements by government witnesses. The government objects to the inclusion in this portion of the motion of a demand for agents' notes. The Seventh Circuit has held that the government need not produce an agent's handwritten notes if the government does produce a report which includes all the information contained in the original. *United States v. Coe*, 220 F. 3d 573, 583 (7th Cir. 2000). The Brady motion is DENIED insofar as it seeks handwritten notes not discoverable under *Coe*.

Finally, the government objects to what it deems the defendants' "over broad" catch-all requests for information regarding "potential prosecutions" or investigations of witnesses, "exculpatory statements of other persons," and "exculpatory data or other information." It also specifically objects to the request regarding potential prosecutions "to the extent that it appears to require the government to produce evidence of ongoing grand jury investigations." I agree that these requests are extremely broad and might require productions beyond what *Brady* and *Giglio* require. To the extent that these portions of the motion seek information

6

beyond the scope of those decisions, they are DENIED.

To the extent that the *Brady* motion seeks information which the government is required to and has agreed to disclose, it is DENIED as moot. However, the government is reminded that "any doubt as to whether disclosure is required must be resolved in favor of" the defendants. *Bontkowski*, 49 F. Supp. 2d at 1076.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated:    September 23, 2003