TG

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 02 CR 678 |
| ) | Hon. Elaine E. Bucklo |
| JEFFREY GROSSMAN ) | |

PROTECTIVE ORDER DIRECTING
THE INTERLOCUTORY SALE OF THE REAL PROPERTY COMMONLY
KNOWN AS 1098 MONROE BOULEVARD, SOUTH HAVEN, MICHIGAN

This matter comes before this Court on motion of the United States for an order directing the interlocutory sale of the real property commonly known as 1098 Monroe Boulevard, South Haven, Michigan, pursuant to 21 U.S.C. § 853; for the engagement of certain real estate professionals to effectuate said sale; and for the payment of certain fees and costs, and this Court having previously found said property subject to criminal forfeiture pursuant to 18 U.S.C. § 982, the Court hereby finds as follows:

1. An interlocutory sale is necessary to preserve the equity in that property; that failure to take the proposed action, in all probability, will result in economic damage to the value of the subject real property and jeopardize the availability of any equity in the real property, thus making the property or proceeds from the sale unavailable for forfeiture; and

2. Pursuant to 21 U.S.C. § 853, this Court has jurisdiction to enter orders or take other action to preserve and to protect property to insure that the property will be available for forfeiture in the event of conviction.

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -

(A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

Section 853(g) states in pertinent part:

Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry an order declaring the property forfeited, the Court may, upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond .... or take any other action to protect the interests of the United States or third parties.

Accordingly, it is hereby **ORDERED, ADJUDGED** and **DECREED**:

1. That the government's motion for the entry of an order directing the interlocutory sale of the real property commonly known as 1098 Monroe Boulevard, South Haven, Michigan, is granted, pursuant to the provisions of Title 21, United States Code, Section 853. The subject real property shall be sold at the direction of the United States Marshals Service. It is further ordered,

2. That the United States Marshals Service shall employ a real estate broker experienced and knowledgeable in the sale of similar property, with multiple listings, who shall be paid the usual and customary commission and/or fees from the proceeds of the sale, not exceeding 4.0%. It is further ordered,

3. That, to effectuate this interlocutory sale, the United States Marshals Service may retain and employ (a) a qualified surveyor to perform an ALTA survey on the property; (b) an attorney experienced and knowledgeable in such transactions and in real estate law to render advice in connection with the sale; ( c) a qualified real estate appraiser to perform an appraisal on the

property; and (d) such other professionals necessary to effectuate a sale of the property. No fees in excess of $5000 per item shall be incurred to effectuate this sale without approval of the Court;

4. That the United States Marshal's Service may offer for sale the 1098 Monroe property together with an adjacent parcel, so called Parcel B (with a street address of 1094 Monroe), if it deems such a joint sale prudent and necessary to effectuate the best possible price for the 1098 Monroe property, and, if such joint sale occurs, pay any and all costs associated with the joint sale, including any outstanding mortgage amounts due and owing on Parcel B;

5. That, upon the sale of the subject real property, any outstanding taxes, as documented at the date of sale, shall be paid. It is further ordered,

6. That, the United States Marshal Service may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the subject real property, upon an accounting to this Court, any reasonable and necessary costs incurred to effectuate the sale of the real property and costs incurred to maintain the real property, if any, pending sale. Any individual fees to effectuate this sale that are in excess of $5000 shall require prior approval of the Court. It is further ordered,

7. That any remaining proceeds from the sale, including funds that may be owed to Wells Fargo and Aurora Loan Service, be held in escrow by the United States Marshals Service, pending resolution of the appeals and petitions filed by Wells Fargo and Aurora Loan Service; and that all interests, claims, and liens (including the government's *lis pendens* interest and the liens of Wells Fargo and Aurora) on the 1098 Monroe property transfer to the escrowed monies that are the net proceeds of the sale of said property in the same rank, order, priority, and validity and to the same extent as they exist in relation to the 1098 Monroe property as of today's date. It is further ordered,

8. That, pending the sale of the subject real property, a representative of the United States Marshals Service and the realtor employed by the United States Marshals Service shall be permitted access to the real property for the limited purpose of securing the premises and taking whatever steps are necessary to prepare the property for sale and to preserve the value of the real property for forfeiture. It is further ordered,

9. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order authorizing the sale of the above-identified real property.

ELAINE E. BUCKLO
United States District Judge

DATED: 2/22/07